UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALETHEA SINGLETARY, as Administrator of the Estate of Devon Jahsim Allen,<br><br>Plaintiff,<br><br>-against-<br><br>THE CITY OF NEW YORK, and JOHN DOE OFFICERS OF THE NEW YORK CITY POLICE DEPARTMENT,<br><br>Defendants. | **COMPLAINT**<br><br>Docket:<br><br>JURY TRIAL DEMANDED |

The Plaintiff, Alethea Singletarty, as the administrator of the estate of her dead son Devon Jahsim Allen, and complaining of the defendants through his attorneys at Barket Epstein Kearon Aldea & LoTurco, LLP, respectfully shows to this Court and alleges that he was deprived of his civil rights and sustained injury as a result of this deprivation, as set forth below.

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as the claims in this action arise under 42 U.S.C. § 1983.

2. This Court may exercise supplemental jurisdiction over the state law causes of action herein.

3. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b), because that is the judicial district in which the claims arose, and in which the Defendants resided or conducted business.

4. A notice of claim was timely served on or about June 27, 2024.

5. On October 21, 2024, an examination was held pursuant to Section 50-H of the General Municipal Law, and since that time neither the City of New York nor its agents have adjusted or otherwise paid for the claims set forth herein.

6. Plaintiff, Alethea Singletary, is a resident of New York County, New York, and is the administrator of the estate of her deceased son, Devon Jahsim Allen, who was the victim of excessive force and other wrongdoing through the facts forming the basis of this action.

7. Defendant City of New York is a municipal entity in the State of New York, home to the New York City Police Department, and was the employer of all individually named defendants in this case, all of whom were acting in the scope of their employments under color of law at all relevant times.

8. The John Doe Officers of the New York City Police Department ("John Doe Officers") were at all relevant times officers in the New York City Police Department acting under color of state law, sued here in their individual and personal capacities.

9. Plaintiff demands a trial by jury.

## FACTS

10. In the early afternoon of April 30, 2024, Devon Allen and a companion were standing in front of MaximEyes Optical, located at 200 W. 24th Street, New York, New York, 10001 (the "Store"), when plain clothes officers exited their unmarked vehicle and descended upon the startled Devon Allen without announcing who they were.

11. At that moment, before Devon Allen could respond, one of the officers, who on information and belief were John Doe Officers of the New York City Police Department, placed the unsuspecting Devon Allen in a front facing tight "bear hug,"

restraining both of his arms in the process, while, on information and belief, another John Doe Officer simultaneously came up behind Devon Allen and placed him in a violent rear chokehold. On information and belief, eyewitnesses inside as well as outside the Store observed the two officers and Devon Allen fall through the closed door of the Store, falling to the floor.

12. While maintaining the front bear hug and rear chokehold, respectively, Devon Allen's arms and airways were restricted as the Defendants violently forced Mr. Allen onto the floor of the Store—a position from which Devon Allen never emerged.

13. On information and belief, as Devon Allen, who was approximately 150 pounds, struggled to breathe, the second John Doe Officer intentionally tightened his chokehold around Devon Allen's neck, eventually fracturing and/or breaking his neck in the process.

14. On information and belief, as Devon Allen laid face-down on his stomach, possibly motionless with neck injuries, two other John Doe Officers entered the establishment, one of whom fired multiple gunshots into the back of Devon Allen's head, face, back, and shoulder. The shots were fired at close range, as evidenced by the ostensible soot and gunpowder residue burned on Devon Allen's body.[1]

15. After the fatal encounter, a gun was found concealed in a fanny pack Devon Allen had draped across his body. Eyewitnesses observed a member of the task force hold up the fanny pack after Devon Allen had already been shot and subsequently retrieved the concealed gun from within.

---

[1] Eyewitnesses stated that Devon Allen's blood was splattered on the black officer's face, clothing, glasses and gun.

3

16. At no time did Devon Allen ever draw, point, or fire a weapon in the direction of any member of the task force. Multiple eyewitnesses state they did not see Devon Allen with a gun at any time.

17. As a consequence of the intentional, reckless, negligent, illegal, unlawful use of excessive force, and the assault and battery committed by the Defendants, Devon Allen suffered a fractured and/or broken neck and sustained multiple gunshot wounds to the back of his head, face and torso, as he lay faced down on the floor of the Store, resulting in extreme pain and suffering, emotional distress, fear of imminent death, death, and the loss of enjoyment of life. He was twenty-five years old.

18. There was no exigency surrounding Devon Allen's apprehension warranting the degree of force used against him.

19. At the time of the shooting, there was no probable cause to believe that Devon Allen posed a threat of death of serious physical injury to anyone.

## CAUSES OF ACTION:

### FIRST: EXCESSIVE FORCE UNDER 42 U.S.C. SECTION 1983

20. Plaintiff reasserts all of the above-stated allegations as if set forth more fully again herein.

21. The John Doe Officers used physical force against Mr. Allen in and around the Store, including the bear hug, chokehold, the initial shooting, and each subsequent bullet fired into Mr. Allen.

22. As to each type of force, the degree of force administered by the John Doe Officers was greater than necessary under the totality of circumstances.

23. The degree of force administered by the John Doe Officers was unreasonable.

24. Physical force against Mr. Allen was not needed: Mr. Allen was not using or threatening physical force against the John Doe Officers, at the time of each shooting he was not resisting arrest, and the circumstances were not exigent; and after his neck was broken, and also after he had already been shot with the first bullet, he was completely defenseless.

25. Even if force were needed, which it was not, the degree of force against Mr. Allen was grossly excessive—including the administration of a chokehold that broke his neck, and/or the repeated administration of deadly force.

26. The force used against Mr. Allen was done for the very purpose of causing harm, as it served no valid disciplinary purpose.

27. The degree of force administered against Mr. Allen violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution.

28. Mr. Allen suffered extreme pain and suffering, emotional distress, fear of imminent death, death, and the loss of enjoyment of life, as a consequence of the excessive force.

29. Plaintiff is entitled to compensatory and punitive damages to be decided by a jury.

30. Plaintiff is entitled to attorneys' fees under 42 U.S.C. Section 1988(b).

## SECOND: BATERY

31.     Plaintiff reasserts all of the above-stated allegations as if set forth more fully again herein.

32.     The John Doe Officers used physical force against Mr. Allen in and around the Store, including the bear hug, chokehold, the initial shooting, and each subsequent bullet fired into Mr. Allen.

33.     Mr. Allen did not consent to the physical force.

34.     The degree of force administered by the John Doe Officers was greater than necessary under the totality of circumstances.

35.     The degree of force administered by the John Doe Officers was unreasonable.

36.     Physical force against Mr. Allen was not needed: Mr. Allen was not using or threatening physical force against the John Doe Officers, at the time of each shooting he was not resisting arrest, and the circumstances were not exigent; and after his neck was broken, and also after he had already been shot with the first bullet, he was completely defenseless.

37.     Even if force were needed, which it was not, the degree of force against Mr. Allen was grossly excessive—including the administration of a chokehold that broke his neck, and/or the repeated administration of deadly force.

38.     The force used against Mr. Allen was done for the very purpose of causing harm, as it served no valid disciplinary purpose.

39. The City of New York is vicariously liable for the battery of the John Doe Officers, as they were acting within the scope of their employment for New York City at all relevant times—with its assent, for its benefit, and under its control.

40. Mr. Allen suffered extreme pain and suffering, emotional distress, fear of imminent death, death, and the loss of enjoyment of life, as a consequence of the battery

41. Plaintiff is entitled to compensatory and punitive damages to be decided by a jury.

42. Plaintiff is entitled to attorneys' fees under 42 U.S.C. Section 1988(b).

### THIRD: ASSAULT

43. Plaintiff reasserts all of the above-stated allegations as if set forth more fully again herein.

44. The John Doe Officers placed Mr. Allen in reasonable apprehension of imminent and unwanted physical contact around the Store leading up to the expressions of physical force set forth above.

45. Mr. Allen did not consent to the physical force or to being placed in such apprehension of physical force.

46. The City of New York is vicariously liable for the assault of the John Doe Officers, as they were acting within the scope of their employment for New York City at all relevant times—with its assent, for its benefit, and under its control.

47. Mr. Allen suffered emotional distress and fear of imminent death as a consequence of the assault.

48. Plaintiff is entitled to compensatory and punitive damages to be decided by a jury.

49. Plaintiff is entitled to attorneys' fees under 42 U.S.C. Section 1988(b).

## FOURTH:  NEGLIGENCE

50. Plaintiff reasserts all of the above-stated allegations as if set forth more fully again herein, except to the extent that the above-stated allegations are inconsistent with the theory of negligence set forth in this cause of action.

51. The John Doe Police Officers owed a duty of care to Mr. Allen to use the degree of care which would reasonably be required of police officers under similar circumstances.

52. The John Doe Police Officers breached their duty of care to Mr. Allen by, inter alia, restraining him in a fashion that broke his neck.

53. The John Doe Police Officers breached their duty of care to Mr. Allen by, inter alia, using repeated deadly force against him when each instance of deadly force was not necessary and lesser force was available.

54. The John Doe Police Officers breached their duty of care to Mr. Allen by, inter alia, failing to intervene to prevent or stop the aforementioned force from continuing despite an opportunity to do so.

55. As a consequence of the John Doe Officers' breaches, Mr. Allen suffered a broken neck and was then killed, and in the interim he suffered extreme pain and suffering, emotional distress, and fear of imminent death, and he also suffered the loss of enjoyment of life—none of which he would have suffered but for the John Doe Officers' negligence.

56. Mr. Allen's damages were reasonably foreseeable results of the John Doe Officers' negligence.

57. The City of New York is vicariously liable for the negligence of the John Doe Officers, as they were acting within the scope of their employment for New York City at all relevant times—with its assent, for its benefit, and under its control.

58. Plaintiff is entitled to compensatory and punitive damages to be decided by a jury.

59. Plaintiff is entitled to attorneys' fees under 42 U.S.C. Section 1988(b).

### FIFTH:  WRONGFUL DEATH

60. Plaintiff reasserts all of the above-stated allegations as if set forth more fully again herein, except to the extent that the above-stated allegations are inconsistent with the theory of negligence set forth in this cause of action.

61. Mr. Allen's death was a consequence of the negligence and wrongful conduct of the John Doe Officers acting in the scope of their employment.

62. Mr. Allen is survived by distributees in his estate who suffered pecuniary loss by virtue of his passing.

63. Mr. Allen's mother, Alethea Singletary, has been appointed as the administrator of Mr. Allen's estate.

64. Plaintiff is entitled to recover pecuniary damages suffered by the estate as a consequence of the defendants' negligence, as well as any and all other relief to which New York State law now (or in the future) entitles plaintiffs in wrongful death actions arising from the death of family members.

## SIXTH:  FAILURE TO INTERVENE UNDER 42 U.S.C. §1983

65. Plaintiff reasserts all of the above-stated allegations as if set forth more fully again herein, except to the extent that the above-stated allegations are inconsistent with the theory set forth in this cause of action.

66. In the event that it is found that law enforcement officers other than the John Doe Officers committed either the physical force that broke Mr. Allen's neck or the shooting that killed him, the John Doe Officers, present on scene, are liable for failure to intervene.

67. While the John Doe Officers were present, a constitutional violation against Mr. Allen was being committed—namely, the use of excessive force culminating in the breaking of his neck and the use of deadly force to ultimately kill him.

68. The John Doe Officers knew, or deliberately ignored, the constitutional violation taking place in their immediate vicinity.

69. The John Doe Officers had a reasonable opportunity to intervene to prevent the harm and did not take reasonable steps to intervene.

70. Mr. Allen suffered extreme pain and suffering, emotional distress, fear of imminent death, death, and the loss of enjoyment of life, as a consequence of the failure to intervene.

71. Plaintiff is entitled to compensatory and punitive damages to be decided by a jury.

72. Plaintiff is entitled to attorneys' fees under 42 U.S.C. Section 1988(b).

**WHEREFORE**, Plaintiff prays for relief as follows:

    A.    That the Court award compensatory damages to Plaintiff and against the Defendants, in an amount to be determined at trial;

    B.    That the Court award punitive damages to Plaintiff, and against the Defendants, in an amount to be determined at trial that will deter such conduct by police officers in the future;

    C.    That the Court award attorney's fees pursuant to 42 U.S.C. § 1988(b);

    D.    For a trial by jury; and

    E.    For any and all other relief to which they may be entitled.

Dated: Garden City, New York
        April 30, 2025

                                      **BARKET EPSTEIN KEARON ALDEA & LOTURCO, LLP**

                      By:    /s/ *Alexander Klein*
                               Alexander Klein, Esq.
                               666 Old County Road, Suite 700
                               Garden City, N.Y.  11530
                               (516) 745-1500